UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**BRIGGS MEDICAL SERVICE CO.**　　　　　　　　**CIVIL ACTION**

**VERSUS**

**AMEDYSIS, INC.**　　　　　　　　NO.: 07-00746-BAJ-RLB

## RULING AND ORDER

Before the Court is the **Motion to Reopen Case and Enforce Settlement Agreement and to Award Attorneys' Fees and Costs (Doc. 19)**, filed by Plaintiff, Briggs Medical Service Company ("Briggs"). Plaintiff alleges that Defendant, Amedysis, Inc. ("Amedysis"), failed to honor the settlement agreement and that it is entitled to money damages and attorneys' fees. For the following reasons, the motion is **GRANTED IN PART** and **DENIED IN PART**.

I. BACKGROUND

Briggs sells and licenses medical recordkeeping and compliance support systems to the healthcare industry. (Doc. 1 at ¶ 8). Amedysis is a nationwide home health care agency that previously used Briggs' products. (*Id.* at ¶¶ 5, 16). Briggs's systems are proprietary: it holds numerous copyrights on its recordkeeping systems. (*Id.* at ¶ 10, 12). In 2004, Briggs and Amedysis entered into a contract (the "Contract"), in which Briggs agreed to supply Amedysis with its copyrighted materials for recordkeeping and compliance purposes. (*Id.* at 16).

The Contract expired on August 31, 2007, when negotiations for an extension failed. (*Id.* at ¶¶ 20–21). Amedysis claimed that it had developed its own internal recordkeeping and compliance software, and as a result, no longer needed Briggs's system. Subsequently, Briggs sued, alleging that Amedysis incorporated its copyrighted material into its internal system. (*Id.* at ¶ 34).

On August 14, 2009, upon notice that the parties had reached a settlement agreement (the "Settlement"), the Court entered an order dismissing this action with prejudice, but it retained jurisdiction over the matter and the parties to enforce the settlement agreement. (Doc. 18). Three provisions of the Settlement, which has been amended four times (Doc. 19-2 at ¶¶ 4), are relevant to the instant motion. First, Amedysis had to provide Briggs with a copy of itsis internal system on November 1, 2016 and November 1, 2017 to ensure that its internal system no longer infringed on Brigg's system. (Doc. 23 at p. 10). Second, Amedysis would have until November 1, 2016 to implement all of the changes to its system. (*Id.* at p. 9). Third, Amedysis would pay Briggs $35,000 a month from January 2016 to October 2016 for continued use of Brigg's materials. (*Id.* at p. 10).

However, in 2015, Amedysis decided to discontinue their internal system and instead licensed a system from a third party. (Doc. 25-1 at ¶¶ 6–7). Although Amedysis claims that it intended to completely switch over to the third-party system by November 2016, Amedysis realized that its internal system was used for some patients until June 28, 2017. (*Id.* at ¶¶ 7–8).

On July 7, 2017, Briggs filed the instant motion to reopen the case and enforce the settlement agreement. (Doc. 19).

## II. LEGAL STANDARD

A "district court has inherent power to recognize, encourage, and when necessary enforce settlement agreements reached by the parties." *Bell v. Schexnayder*, 36 F.3d 447, 449 (5th Cir. 1994). When exercising its enforcement power, a court applies "principles of state of state law applicable to contracts generally." *Lockette v. Greyhound Lines, Inc.*, 817 F.2d 1182, 1185 (5th Cir. 1987) (citation omitted). The parties agree that Louisiana law applies to the Settlement. (Doc. 23 at § 17); *see also Celtic Marine Corp. v. James C. Justice Cos., Inc.*, 760 F.3d 477, 481 (5th Cir. 2014) (deferring to parties' choice of Louisiana law in a settlement agreement). Under Louisiana law, "[a] settlement agreement is a contract," meaning "[t]he rules of construction applicable to contracts are therefore used." *Celtic Marine Corp.*, 760 F.3d at 481–82.

"When the terms of a contract are unambiguous and lead to no absurd consequences, [a court] interpret[s] them as a matter of law." *Boudreaux v. Transocean Deepwater, Inc.*, 641 F. App'x 328, 332 (5th Cir. 2016) (unpublished) (applying Louisiana law). However, "when the terms of a written contract are susceptible to more than one interpretation, or there is uncertainty or ambiguity as to its provisions, or the intent of the parties cannot be ascertained from the language employed, parol evidence is admissible to clarify the ambiguity and to show the intention of the parties." *Dixie Campers, Inc. v. Vesely Co.*, 398 So. 2d 1087, 1089 (La.

3

1981). If a contract is silent regarding a particular situation, the court may consider "whatever the law, equity, or usage regards as implied in a contract of that kind or necessary for the contract to achieve its purpose." La. Civ. Code art. 2054. Under Louisiana law, "the general purpose of contract damages is not to punish breaching parties or enrich non-breaching parties, but rather to produce the same result as would have occurred if there was no breach." *In re Bankston*, 749 F.3d 399, 403 (5th Cir. 2014).

### III. DISCUSSION

#### A. Settlement Agreement

Briggs seeks (1) specific performance to turn over Amedysis's internal system, and (2) damages in the amount of $35,000 a month for November 2016 to June 2017. (Doc. 19-1 at pp. 5–7).

Amedysis argues that it did not breach the settlement agreement by failing to turn over its internal system because it had switched to a third-party system and was no longer developing its internal system. (Doc. 25 at p. 2). Further, Amedysis argues that the small number of patients still tracked by its internal system between November 1, 2017 and June 28, 2017 makes an award of $35,000 per month grossly disproportional. (*Id.* at pp. 7–8).

First, the Court finds no breach of the settlement agreement for failing to turn over a copy of Amedysis's internal system because Briggs has not contested Amedysis's declaration that, since June 28, 2017, it has completely switched over to a third-party system and ceased development of its internal system (Doc. 25-1 at ¶

4

6). In other words, Amedysis effectively concedes that its internal system would not meet the standards required under the Settlement, but it has abandoned its internal system in favor of one that is operated by a third party. The Court will not compel Amedysis to turn over a system provided by a third-party, which is not privy to the Settlement. If Briggs believes that the third-party's system is in violation of its copyright, then its proper course of action is to bring a new lawsuit against Amedysis and that third party, not to reopen a ten-year-old settlement agreement.

Second, the Court finds that Amedysis breached the Settlement when it continued to use its internal system for a limited number of patients from November 2016 to June 2017. Although the number of patients using the internal system steadily decreased, from approximately 6,000 patients in November of 2016 to fewer than 12 in June of 2017, the Settlement required Amedysis to switch over all patients to a system that did not breach Brigg's copyrights by November 1, 2016. (Doc. 23 at pp. 10, 12).

However, the Court finds that the Settlement is ambiguous about what penalties should be imposed. No provision of the Settlement discusses breach, and the $35,000 a month fee was paid over a time period where many more of Amedysis's patients were still on its internal system. (*See Id.* at p. 12 (showing that, from January 2016 to October 2016, the number of patients on the internal system slowly decreased from approximately 45,000 to 10,000)). Therefore, the Settlement is ambiguous on this issue of breach and parol evidence is permissible to determine appropriate damages for the breach. *See Dixie Campers, Inc.*, 398 So. 2d at 1089

Accordingly, within twenty-one days of this order, both parties shall file a memorandum, not to exceed fifteen pages, on the issue of damages.

**B.     Attorneys' Fees**

Finally, the settlement agreement allows the prevailing party to receive attorney's fees (Doc. 23 at p. 6 ¶ 21); however, it would be premature for the Court to do so until Briggs has filed a motion to fix attorneys' fees and costs in accordance with Federal Rule of Civil Procedure 54(d)(2) and Local Rule 54.2.

**IV.     CONCLUSION**

Accordingly,

**IT IS ORDERED** that the Motion to Reopen Case and Enforce the Settlement Agreement (Doc. 19) is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that Briggs's request to have Amedysis provide a laptop with its internal system is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that, within twenty-one days of this order, both parties shall file a memorandum, not to exceed fifteen pages, on the issue of damages.

**IT IS FURTHER ORDERED** that the motion to award attorney's fees is **DENIED WITHOUT PREJUDICE** for Briggs to file a motion to fix attorneys' fees and costs.

Baton Rouge, Louisiana, this 29th day of March, 2018.

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**